IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE McDONALD, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-0313-CG-C |
| | ) |
| ST AEROSPACE MOBILE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the defendant, ST Aerospace Mobile, Inc.'s ("STA Mobile's"), motion for attorneys' fees (Doc. 53) and motion to re-tax costs (Doc. 55). The court has reviewed STA Mobile's motions and memoranda in support, as well as the plaintiff, Clarence McDonald's ("McDonald's"), opposition. (Doc. 57). For the reasons enumerated below, both of STA Mobile's motions are **GRANTED**.

### I. BACKGROUND

McDonald is an African-American male who works for STA Mobile as an aircraft mechanic. Doc. 14 at 1. He filed suit in this court on May 14, 2012, alleging that STA Mobile subjected him to intentional racial discrimination when it suspended him for his failure to utilize a specified tool while performing maintenance on the jet engine of a commercial airliner. Doc. 14 at 2. McDonald also alleged (1) that the suspension constituted retaliation for a years-old complaint he made regarding Confederate flags displayed in STA Mobile's facility by other

1

employees; (2) that STA Mobile failed to promote him on account of his race; and (3) that STA Mobile subjected him to a hostile work environment.  See, generally Doc. 14.

During the discovery phase of litigation, McDonald filed a motion to compel which the magistrate judge denied, citing McDonald's failure to comply with the Federal Rules of Civil Procedure and the court's Rule 16 Scheduling Order.  Doc. 35.  McDonald also unsuccessfully opposed STA Mobile's motion for a protective order concerning certain proprietary trade information about aircraft maintenance.  Doc. 27; see also Doc. 36.  At the close of discovery, STA Mobile filed its motion for summary judgment (Doc. 42).  McDonald filed a response in opposition (Doc. 44), and STA Mobile filed a reply (Doc. 45).  After briefing, this court granted summary judgment in favor of STA Mobile.  (Doc. 96).

The court's order denied McDonald's claims on all counts, finding that McDonald failed to exhaust administrative remedies with regard to his failure to promote claim and that McDonald failed to establish a prima facie case with regard to his discrimination, retaliation, and hostile work environment claims.  Doc. 48 at 8, 12-13, 16.  STA Mobile now petitions the court for an award of its costs and attorneys' fees incurred in this action. (Docs. 53 and 55).

## II.  MOTION FOR ATTORNEYS' FEES

### A.  WHEN AN AWARD OF ATTORNEYS' FEES IS APPROPRIATE

The attorneys' fee provision of Title VII, 42 U.S.C. § 2000e-5(k), authorizes courts to award reasonable fees and expenses to prevailing civil rights litigants.

Similarly, 42 U.S.C. § 1988 gives the court discretion, in cases brought under § 1981, to award the prevailing party a reasonable attorneys' fee.  Although "attorneys' fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorneys' fees only when the plaintiff's case is 'frivolous, unreasonable, or without foundation," even though not brought in subjective bad faith.  Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 14 (1980) (applying Christiansburg to attorneys' fees under §1988 brought by prevailing civil rights defendants).

To make this determination, the district court must examine "whether (1) the plaintiff established a prima facie case; (2) the defendant offered to settle; and (3) the trial court dismissed the case prior to trial." Bonner v. Mobile Energy Servs. Co., L.L.C., 246 F.3d 1303, 1304 (11th Cir. 2001) (citing Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).  The Eleventh Circuit has also cautioned that "[d]eterminations regarding frivolity are to be made on a case-by-case basis." Sullivan, supra.

In applying these factors to the instant case, each element of the attorneys' fee inquiry weighs in favor of awarding attorneys' fees to STA Mobile.  First, as the court noted in its summary judgment order, McDonald failed to establish a prima facie case for intentional racial discrimination, retaliation, and a hostile work environment, and failed even to exhaust administrative remedies concerning his failure to promote claim.  See Doc. 48 at 8, 12-13, 16.  Secondly, McDonald does not

3

dispute that he twice declined STA Mobile's two offers to settle the case by foregoing attorneys' fees in exchange for dismissal of the case with prejudice. Doc. 54 at 9. Thirdly, the court did dispose of the case before trial. All told, McDonald's claims were without foundation, and the court may therefore award attorneys' fees to STA Mobile as the prevailing party. The court now turns to the amount of the fee to be awarded.

## B. CALCULATING ATTORNEYS' FEES

The starting point in setting any attorneys' fee is determining the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly situated attorneys in the community. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565–66 (1986); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987); Hensley, 461 U.S. at 433–34. Where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Norman, 836 F.2d at 1299.

In making the above determinations, the court is guided by the 12 factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Blanchard v. Bergeron, 489 U.S. 87, 91–92 (1989); Hensley, 461 U.S. at 434 n. 9.  These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  These Johnson factors may "be considered in terms of their influence on the lodestar amount."  Norman, 836 F.2d at 1299.

**(1)  Reasonable Rate**

As the party requesting fees, STA Mobile has the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals.  Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303).  The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  In this case, the relevant legal community

5

is Mobile, Alabama.  See Barnes, 168 F.3d at 437 ("[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorneys' services is the place where the case is filed." (citation omitted)).

STA Mobile has provided an affidavit from its attorney, Paul Myrick.  (Doc. 53-1).  Mr. Myrick is a member of the Kullman Law Firm in Mobile, Alabama.  Id. at 1.  He has approximately 36 years of experience in labor and employment law, and proposes that his hourly rate is $275.00 per hour.  Id. at 3, 10.  Myrick also stated in his affidavit that he was assisted in this case by another member of the Kullman Law Firm, Thomas J. Woodford.  Id. at 2.  Mr. Woodford has approximately 26 years of experience in labor and employment law, and Myrick proposes that his hourly rate is $215.00 per hour.  Id. at 3, 25.  Myrick's affidavit also proposes that the billing rate for the defendant's paralegal, Catherine Yepsen, is $95.00 per hour.  Id. at 3.

Based on the court's experience, knowledge, and observations, as well as a review of prior awards, the court finds that the hourly rates proposed by defense counsel for themselves and their paralegal are reasonable. Compare Gulf Coast Asphalt Company, LLC v. Chevron, U.S.A., Inc., 2011 WL 612737 (S.D. Ala., Feb. 11, 2011) (Granade, J.) (finding that the average or reasonable hourly rate charged by top Mobile lawyers in complex cases is in the range from $250 to $350 per hour) (quotations omitted);  see also Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, *3 (S.D. Ala., May 31, 2011) (DuBose, J.) (finding $250.00 per hour to be a reasonable rate for an attorney with 15 years experience as a law firm

6

partner); Transmontaigne Product Servs., Inc. v. Clark, 2010 WL 3171656, *1 (S.D. Ala. Aug. 10, 2010) (Granade, J.) (finding an hourly rate of between $120.00 and $130.00 was a reasonable hourly rate for a paralegal).

### (2)  Hours Reasonably Expended

In determining whether the number of hours expended are reasonable, the court should not include any hours which are "excessive, redundant or otherwise unnecessary." Norman, F.2d at 1301.  When awarding an attorneys' fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428.  The court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301. (emphasis omitted).

STA Mobile's attorneys submit that they and their paralegal worked on this case for 262.9 hours.  Doc. 53-1 at 4.  They have submitted contemporaneous records showing in detail the time billed for each attorney and paralegal.  See id. at 12-23.  McDonald does not object to the specificity in defense counsels' billing, nor does he provide "objections and proof … concerning hours that should be excluded…" American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  Instead, McDonald attempts in his objection to re-argue his claim of racial discrimination.  Doc. 57 at 2.  McDonald also accuses the defendant of being

7

"tainted with inequitableness," and claims that STA Mobile has "unclean hands" because it objected to certain of his discovery requests.  Id. at 2-3 (citing Precision Instrument Mfg. Co. v. Automotive Maintenance Machine Co., 324 U.S. 806, 814.)[1]

The court's independent review of the defense attorneys' billing records reveals a sufficient amount of specificity.  See  Doc. 53-1 at 12-23.  In so doing, the court notes that the legal issues in the case were not especially complex, but the facts of the case required an in-depth review of highly technical jet engine maintenance procedures mandated by the FAA and STA Mobile's clients.  Thus, the factual complexity of the case warranted the number of hours submitted by defense counsel.

## C. LODESTAR CALCULATION

The lodestar calculation for Mr. Myrick is 248.3 hours x $275 per hour = $68,282.50.  For Mr. Woodford, the lodestar calculation is 6.1 hours x $215 per hour = $1,311.50.  For Ms. Yepsen, the lodestar calculation is 8.5 hours x $95 per hour = $807.50.  This brings the total amount of the award sought by STA Mobile to $70,401.50.

## D. ABILITY TO PAY

In Johnson v. Georgia Highway Express, Inc., supra, the Fifth Circuit set out the 12 factors discussed above, which a court should consider in awarding attorneys' fees to a prevailing Title VII plaintiff.  The Fifth Circuit later affirmed the use of these Johnson factors to determine the amount of an attorneys' fee award to a

---

[1] The court notes that Precision is a patent and breach of contract case having nothing to do with attorneys' fees or Title VII.  See id.

8

prevailing Title VII defendant.  Jones v. Dealers Tractor & Equipment Co., 634 F.2d 180 (5th Cir. 1981).

One year later, the Eleventh Circuit added a thirteenth factor to the Johnson analysis: the plaintiff's financial resources.  Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982).  In Durrett, the Eleventh Circuit directed the district court to "ascertain whether, in light of the plaintiff's ability to pay, a reduced assessment would fulfill the deterrent purpose of § 706(k) without subjecting the plaintiff to financial ruin."  Id.  At the same time, the Eleventh Circuit also held that "in no case may the district court refuse altogether to award attorneys' fees to a prevailing Title VII defendant because of the plaintiff's financial condition.  A fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence."  Id.

A party attempting to limit an award of attorneys' fees bears the burden of establishing his financial status.  Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1336 (M.D. Fla. 2002).  McDonald offered no argument that a limit upon an award attorneys' fees is appropriate in this case, although he mentioned his "limited resources" in passing when he claimed that STA Mobile has unclean hands for objecting to his discovery requests.  Doc. 57 at 3.  However, McDonald introduced no evidence to establish his "limited resources" and no evidence whatsoever suggesting that he is unable to pay an award over time.  See Doc. 57.  The defendant, on the other hand, has offered evidence that McDonald's gross annual wages for 2012 were $52,673.27, plus insurance benefits, paid holidays, and

9

paid vacation.  Doc. 53-1 at 7.  Thus, the court finds that McDonald has not met his burden of establishing his financial status and finds that a reduction in the amount of the award is unwarranted.

### III. MOTION TO RE-TAX COSTS

The clerk taxed costs in the amount of $47.00. (Doc. 52 at 1).  STA Mobile seeks to re-tax costs in the amount of $760.50, representing the fees that STA Mobile incurred for the transcript of McDonald's deposition.  (Doc. 55 at 1).

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Insurance Co. v. Johnson, 982 F.Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted).  Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees - should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1).  Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Monelus v. Tocodrian, Inc., 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs that exceed those permitted by § 1920.  See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

The court notes that in civil rights cases, and under particular fee statutes, reasonable out-of pocket expenses of the kind normally charged to clients by attorneys, but not recoverable as costs under 28 U.S.C. § 1920, may be included as part of the award for attorneys' fees and expenses. See Dowdell v.. City of Apopka, Florida, 698 F.2d 1181, 1192 (11th Cir. 1983) ("We hold that, with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.")

The court finds that a printed or electronically-recorded deposition transcript was necessary for STA Mobile's use in this case. Also, as discussed more fully, supra, with regard to STA Mobile's motion for attorneys' fees, the court also notes that McDonald has failed to overcome or rebut the Rule 54(d) presumption that costs will be awarded.

Accordingly, STA Mobile's motion to re-tax costs (Doc. 55) is hereby **GRANTED** and costs are re-taxed against McDonald in the amount of $760.50.

## CONCLUSION

For the reasons stated above, the court finds that STA Mobile is entitled to an award of attorneys' fees in the amount of $70,401.50 and costs in the amount of $807.50 ($47.00 taxed by the Clerk and $760.50 re-taxed by the court).

**DONE** and **ORDERED** this 4th day of April 2013.

/s/  Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**